UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

VISION INVESTMENT LLC and
OCEAN VIEW FOODMART INC.
d/b/a ONE STOP FOOD MART,
    Defendants.

## COMPLAINT

    Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, VISION INVESTMENT LLC and OCEAN VIEW FOODMART INC. d/b/a ONE STOP FOOD MART (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

    **1.**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

    **2.**    The subject property is a food mart located on or about 1212 SR 70 East, Yeehaw, Florida 34972 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual. Plaintiff's recent visits to Florida include:

   a. Coral Springs, FL on or about March 26, 2021,
   b. Pompano Beach, FL on or about March 28, 2021,
   c. West Palm Beach, FL on or about June 30, 2021,
   d. Miami Beach, FL on or about July 15, 2021,
   e. Jacksonville, FL on or about September 14, 2021,
   f. Weston, FL on or about September 16, 2021,
   g. Deerfield Beach, FL on or about September 17, 2021,
   h. Weston, FL on or about October 10, 2021,
   i. Sunrise, FL on or about October 11, 2021,
   j. Orlando, FL on or about March 5, 2022,
   k. Titusville, FL on or about July 9, 2022,
   l. Orlando, FL on or about July 21, 2022,
   m. Pompano Beach, FL on or about July 22, 2022,

**n.**   Boca Raton, FL on or about July 23, 2022,
**o.**   Stuart, FL on or about July 25, 2022,
**p.**   Boca Raton, FL on or about September 1, 2022,
**q.**   Margate, FL on or about January 5, 2023
**r.**   Ft. Lauderdale, FL on or about January 6, 2023,
**s.**   Pembroke Pines, FL on or about January 6, 2023,
**t.**   Coral Springs, FL on or about January 7, 2023,
**u.**   Plantation, FL on or about January 7, 2023,
**v.**   Weston, FL on or about January 8, 2023,
**w.**   Melbourne, FL on or about June 12, 2023,
**x.**   Davenport, FL on or about June 13, 2023,
**y.**   Pompano Beach, FL on or about June 14, 2023,
**z.**   Melbourne, FL on or about July 10, 2023,
**aa.**  Ft. Lauderdale, FL on or about July 11, 2023,
**bb.**  Davenport, FL on or about July 11, 2023,
**cc.**  Pompano Beach, FL on or about July 12, 2023,
**dd.**  Ft. Lauderdale, FL on or about September 12, 2023.
**ee.**  Broward County, Florida on or about October 20-23, 2023,
**ff.**  Miami Dade County, Florida on or about October 23-24, 2023.

**7.** Defendant, VISION INVESTMENT LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.** Pursuant to the Osceola County Property Appraiser's Office, Defendant, VISION INVESTMENT LLC, is the owner and/or operator/manager of the real property located on or 1212 SR 70 East Yeehaw Florida 34972 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

**9.** Defendant, OCEAN VIEW FOODMART INC., is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

10.     According to the Florida Department of Business and Professional Regulation, the Defendant, OCEAN VIEW FOODMART INC., was licensed on October 22, 2021, and occupies 1212 SR 70 East Yeehaw Florida 34972 as a food mart known as "ONE STOP FOOD MART".

11.     The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12.     Plaintiff recently visited the Subject Premises on or about September 11, 2023, to purchase goods and access to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13.     While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17.  As a result, the Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14.     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such

barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

**Accessible Routes**
1. The facility does not provide at least one accessible route of travel from the accessible parking space to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones;

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1. of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the accessible streets and sidewalks to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

2. The plaintiff had difficulty traversing the accessible parking space to the entrance of the facility due to the non-compliant curb ramp not providing a smooth transition. Violation: At least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site in accordance with §206.2.2. of the 2010 ADA Standards. Recommendation: Provide a compliant accessible route within a site connecting all elements. Estimated Cost: $5,000.00. The removal of this barrier is readily achievable as this barrier is cited in §206.2.2 of the 2010 ADA Standards. Accessible Routes.

3. The curb ramp has a running slope that exceeds the maximum allowance of 8.33% making it difficult for the plaintiff to traverse the facility. Violation: Ramp runs shall have a running slope not steeper than 8.33% as required by §405.2 of the 2010 ADA Standards. Recommendation: Provide a compliant curb ramp pursuant to §406.5 of the 2010 ADA Standards. Estimated Cost: $3,500.00. The removal of this barrier is readily achievable as this barrier is cited in §406.5 and §405.2 of the 2010 ADA Standards. Curb Ramps, Running Slope.

4. The curb ramp has side flares that exceed the maximum slope allowance making it difficult for the plaintiff to utilize. Violation: Where provided, curb ramp flares shall not be steeper than 1:10 complying with §406.1 and §406.3 of the 2010 ADA Standards. Recommendation: Modify curb ramp to provide side flares with less than 10% slope. Estimated Cost: $2,500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §406.1 and §406.3 of the 2010 ADA Standards and 28 CFR §36.211. Curb Ramps. Maintenance of accessible features.

5. The facility provides a curb ramp that projects into a parking space making it difficult for the plaintiff to utilize. Violation: Curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or access aisles. Curb ramps at marked crossings shall be wholly contained

within the markings, excluding any flared sides in accordance with §406.5 of the 2010 ADA Standards. Recommendation: Recommendation: Provide a compliant curb ramp pursuant to §406.5 of the 2010 ADA Standards. Estimated Cost: $3,500.00. The removal of this barrier is readily achievable as this barrier is cited in §406.5 of the 2010 ADA Standards. Curb Ramps, Running Slope.

### Accessible Parking

6. The accessible parking space and aisle's striping is dilapidated and in need of maintenance making it difficult for the plaintiff to identify the space as accessible. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with 502.3 of the 2010 ADA Standards. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act of this part pursuant to Title 28 CFR §36.211. Recommendation: Restripe the accessible parking space and adjoining access aisle. Estimated Cost: $500.00  The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2.2, §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.
7. The accessible parking space does not provide a compliant access aisle adjacent to the space due to the access aisle not being marked as required making it difficult for the plaintiff to traverse. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards. Recommendation: Provide a compliant access aisle adjacent to the accessible parking space in accordance with §502.3 and §502.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00  The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2, §502.3, and §502.7 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Access Aisle.
8. The facility does not provide a van accessible parking space with van accessible parking signage making it difficult for the plaintiff to utilize. Violation: For every six or fraction of six parking spaces required by §208.2 to comply with §502, at least one shall be a van

parking space. Recommendation: Provide one van accessible parking space with van accessible signage to identify it. Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §208.2.4, §502, and §502.7 of the 2010 ADA Standards. Parking Spaces, Identification.

**Service Counter**

9. The sales and service counter exceeds the maximum height allowance of 36 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: A portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor shall be provided. A clear floor or ground space complying with §305 shall be positioned for a parallel approach adjacent to the 36inch minimum length counter. Recommendation: Provide a lowered portion of the sales and service counter not to exceed 36 inches maximum in height and 36 inches long maximum. Estimated Cost: Less than $450.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §904.4 and §904.4.1 of the 2010 ADA Standards. Sales and Service Counters.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

20. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is

"readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on October 22, 2021, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods

and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility,

including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**27.** Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

**28.** Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**29.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**30.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter

the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

    Respectfully submitted,

    s/ Lauren N. Wassenberg
    Lauren N. Wassenberg, Esq. (FBN: 34083)
    *Attorney for Plaintiff*
    Lauren N. Wassenberg & Associates, P.A.
    33 SE 4th St., Ste. 100
    Boca Raton, Florida 33432
    (561) 571-0646
    WassenbergL@gmail.com

    s/ Glenn R. Goldstein
    Glenn R. Goldstein, Esq. (FBN: 55873)
    *Attorney for Plaintiff*
    Glenn R. Goldstein & Associates, PLLC
    8101 Biscayne Blvd., Ste. 504
    Miami, Florida 33138
    (561) 573-2106
    GGoldstein@G2Legal.net